ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

GEORGE LEIDIG.

64    151
94a ¹448

1. PLEADING—*recoupment—sale of personal property.* In an action against a railroad company to recover the price of a quantity of ties sold and delivered by the plaintiff to the defendant, it was pleaded that a certain portion of the ties were, by some person to the defendant unknown, cut and removed from land granted to the defendant by its charter and remaining unsold, and after receiving the same became, for the first time,

apprised of the fact that the ties were taken from its own land. It was *held*, the plea contained no matter of recoupment, as it did not aver possession of the ties in the vendor at the time of the sale, so that a warranty of title could be implied therefrom, nor did it aver any affirmation of title. In the absence of both these elements, the purchaser buys at his own peril.

2. PLEA *must answer so much of the declaration as it purports to answer.* A plea assuming in the introductory part to answer three hundred dollars of the plaintiff's demand, being a part of the amount sued for, averred that five hundred of the railroad ties alleged in the declaration to have been sold by the plaintiff to the defendant, and to recover for which the suit was brought, were, by some person to the defendant unknown, cut and removed from the defendant's own land, but the plea did not aver that such ties were of the value of $300, and therefore failed to answer what it assumed to answer and was bad on demurrer.

APPEAL from the Circuit Court of Fayette county; the Hon. A. J. GALLAGHER, Judge, presiding.

Mr. GEORGE W. WALL, for the appellant.

Messrs. VANDORSTON & CAMPBELL, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was *indebitatus assumpsit* by appellee against appellant, in the Fayette county circuit court, upon the common counts, which were five in number, each claiming the sum of $500.

The only plea filed by the appellant was as follows:

"And the said defendant says *actio non* as to $300 of the said plaintiff's demand, because it says the said several causes of action in said declaration sued for are for one and the same thing, to wit: The said railroad ties alleged to have been sold by plaintiff to said defendant, and defendant avers that of said ties so demanded, a large number, to wit: 500 of them, were, by some person or persons whose names are to defendant unknown (without the license or consent of defendant, or defendant's trustees, or of any other person having lawful authority

to authorize the same,) cut and felled and removed from sec. No. 32, T. 6 N., R. 1 E., 3d P. M., in said Fayette county, said land being a part of the land granted to the defendant by the charter thereof, and said land being and remaining unsold, and the defendant, after having received said ties being for the first time apprised of the facts aforesaid, did refuse, as defendant well might, to pay the said plaintiff for the said 500 ties so unlawfully taken from the land aforesaid. And this the said defendant is ready to verify, &c."

To this plea a demurrer was interposed, which the court sustained. 'The sufficiency of the plea is the only question in the case. We think the plea was bad, and that the demurrer to it was properly sustained.

The counsel for appellant insists that the plea contains matter of *recoupment*, and is sufficient. The right to recoupe, he says, is based upon the implied warranty of title.

Does the plea aver a warranty in terms, or does it state facts from which, even under the rule of the minor degree of certainty, viz: certainty to a *common intent*, in pleading, from which such warranty can be implied? That there is any averment of warranty, is not pretended, and it is equally clear that there are not sufficient facts stated from which one can be implied.

Parsons, after speaking of the somewhat uncertain and conflicting character of the English authorities, says: "And in this country it seems to be now well settled by adjudications in many of our States, that the seller of a chattel, *if in possession*, warrants by implication that it is his own, and is answerable to the purchaser, if it be taken from him by one who has a better title than the seller, whether the seller knew the defect of his title or not, and whether he did or did not make a distinct affirmation of his title. But *if the seller is out of possession*, and no affirmation of title is made, then it may be said that the purchaser buys at his peril." 1 Parsons on Con. 573–4.

There is no averment in the plea of possession in the appellee at the time of sale, or of any affirmation of title, and it is not pretended that enough is averred upon which to base a claim for damages on the ground of deceit practiced by appellee in the sale.

But even if there were a distinct averment of warranty of title, the plea would still be bad.

"It is a rule," says Chitty, "that every plea must answer the whole declaration or count, or rather all that it assumes in the introductory part to answer, and no more." 1 Chit. on .Pl. 523.

This plea assumes to answer $300 of the plaintiff's demand. In order to be good, under the rule just referred to, it must show a defense to that amount. In *Harpham* v. *Haynes*, 30 Ills. 404, the court say: "Now the plea proposes to answer $125 of the first count, but it actually answers but $109.80 of it. Is the plea bad for that reason? We think it is. A plea must answer all it professes to answer. The most common and familiar case is, where a plea professes to answer the whole of a declaration or count, and actually answers but a part. In such case no one would doubt that the plea would be bad. The principle is the same here. In the supposed case the plea claims to answer more than the facts stated in it can answer, and so it is in the principal case. We think the demurrer was properly sustained to the second special plea."

There is no averment in the plea as to the value of the five hundred railroad ties, and therefore, unless the court can take judicial notice that five hundred railroad ties were worth $300, the plea fails to answer all it assumes to answer.

The judgment of the court below is affirmed.

*Judgment affirmed.*